UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MILLS LAW GROUP LLP,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) ) | Civil No. 1:22-CV-3323 (RCL) |
| **REPUBLIC OF IRAQ** and **MINISTRY OF JUSTICE OF THE REPUBLIC OF IRAQ,** | ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT [ECF NO. 12]**

**I.    PREAMBLE**

Pursuant to 28 U.S.C. §1608 and Federal Rule of Civil Procedure 55, Plaintiff Mills Law Group ("MLG") moves for entry of a default judgment against Defendants Republic of Iraq ("Iraq") and the Ministry of Justice of the Republic of Iraq ("MoJ") (collectively, "Defendants"), jointly and severally, for the reasons set forth in the Memorandum of Law in Support of Plaintiff's Motion for Entry of Default Judgment (the "Motion") [ECF No.12].

In support of the motion, the Court is respectfully referred to Plaintiff's: (1) Complaint;[1] (2) Memorandum of Law in Support of the Motion ("Mem. of Law") and accompanying exhibits;[2] and (2) Motion for Leave to File Under Seal ("Sealing Motion") and accompanying

---

[1] [ECF No. 5-2].

[2] Memorandum of Law [ECF No. 12-2]; Ex. 2 to Mem. of Law: Annex A (History of Mills Law Group Presentment of Wye Oak Litigation Invoices to Defendants Iraq and Ministry of Justice, Each Defendant's Non-Objection and Non-Payment of Presented Invoices; Supporting Evidence) [ECF No. 12-3]; Ex. 3 to Mem. of Law: Annex B Supplement (Supplemental Chronological History of Mills Law Group-Iraq Communications Subsequent to 7 December

1

exhibits contemporaneously filed with the Sealing Motion[3] (collectively, the "Motion Papers") and the evidence therein referenced and thereby submitted to the Court in support of the Motion.[4]

## II.     SUMMARY OF GROUNDS FOR ENTRY OF DEFAULT JUDGMENT

This case arises out of a material breach of commercial legal payment obligations owed by defendants Republic of Iraq ("Iraq") and Ministry of Justice of the Republic of Iraq (MoJ) to Plaintiff Mills Law Group LLP ("Plaintiff", "Law Firm", "Mills Law Group" or "MLG") for legal services provided by MLG to Iraq during the Term of Representation (19 February 2018 through 5 October 2021) in defense of claims made against Iraq and the Ministry of Defense of Iraq in the case of *Wye Oak Technologies, Inc. v. Republic of Iraq et al.*, Civil Action No. 10-cv-

---

2021 Relevant to Mills Law Group Demands for Iraq Payment of Each *Wye Oak* Litigation Invoice Presented to Iraq and Iraq Communications with respect to: (1) All Presented Invoices and Payment Demands, and (2) Iraq Failure to Object to Presented Invoices) [ECF No. 12-3]; Ex. 3 to Mem. of Law: Statement of Supporting Evidence [ECF No. 12-5]; Ex. 5 to Mem. of Law: Declaration of Timothy Mills [ECF No. 12-5]; Ex. 5 to Mem. of Law: Declaration of Karl Thorn [ECF No. 12-6]; and Ex. 6 to Mem. of Law: Plaintiff's Statement of Material Facts for Which There Is No Genuine Issue in Support of the Motion and the evidence referenced therein [ECF No. 12-7].

[3] Sealing Motion [ECF No. 13] at Ex. 1: First Certificate of Authenticity of Domestic Business Records Pursuant to Federal Rule of Evidence 902(11) and exhibited business records appended thereto [ECF No. 13-1]; Sealing Motion Ex. 2: Second Certificate of Authenticity of Domestic Business Records Pursuant to Federal Rule of Evidence 902(11) and exhibited business records appended thereto [ECF No. 13-2].

[4] To facilitate the Court's and other readers: (1) gaining an overall and pinpoint view of the evidence submitted by Plaintiff MLG in support of the Motion (the "Evidence of Record"); and (2) to refer to, retrieve and examine the Evidence of Record, Plaintiff has provided the Statement of Supporting Evidence [ECF No. 12-4]. The Statement on the Evidence provides guidance about: (i) where to find the Evidence of Record relevant to all elements of Plaintiff's claims upon which Plaintiff seeks default judgment; and (ii) suggestions of efficient means for the Court and other readers to access, retrieve and examine items of the Evidence of Record. Plaintiff suggests that the Court and readers read and consider the Statement of Evidence as one of the key starting points for considering and evaluating the this Motion.

01192-RCL (D.D.C.) (the "Wye Oak Litigation"), pursuant to the engagement agreement entered into by Iraq and MLG for such representation (the "Engagement Agreement").[5]

In a surprise turn of events, on 18 June 2023 – more than four and a third years after Iraq (through MoJ) first materially breached its legal payment obligations to MLG, MoJ suddenly expressly admitted that Iraq owes MLG payment of all Wye Oak Litigation Invoices, writing:

> In reference to your email dated 15th of June 2023
>
> **We would like to clarify that, we intend to pay your fees and start a new page to your good self** (emphasis added).
>
> We received your email on Thursday and as you know Friday & Saturday a holiday in Iraq. We appreciate your efforts in defense of the Iraqi interests and we put the matter of paying your fees our priority especially since the Budget Law is under procedure which will speed up the payment matter. I hope you considering the payment by governmental entities need some special approval from competent authorities.[6]

This occurred after the Ministry of Justice removed the former Director General of the Legal Department ("DG"), and replaced the former DG with a New Director General.[7]

---

[5] Compl. Ex. 1.1 [ECF No. 5-2 at pp. 167-171] *also found at* Sealing Motion Ex. 2 (Second Certificate of Authenticity of Domestic Business Records Pursuant to Federal Rule of Evidence 902(11) (hereinafter, "2nd Certificate"), Ex. A-3.1 [ECF No. 13-2 at pp. 1496-1500], incorporating by reference the Standards Terms of the Maggs & McDermott LLL-MoJ Wye Oak Litigation Engagement Agreement (Compl. Ex. 1.2) [ECF No 5-2 at pp. 173-181] *also found at* 2d Certificate, Ex. A-3.2 [ECF No. 13-2 at pp. 1501-1506].

[6] Exhibit 6 to Mem. of Law, Plaintiff's Statement of Material Facts for Which There Is No Genuine Issue (hereinafter, "Statement of Undisputed Facts") ¶ I-7(3) [ECF No. 12-7 at p. 51], quoting from MoJ email to MLG dated 18 June 2023. *See* Reference to communication at Annex B Supplement, row for Ex. ABS-8 [ECF # 12-3 at pp. 31-33]; Plaintiff's Motion for Leave to File Under Seal (hereinafter, "Sealing Motion") [ECF No. 13] ("Sealing Motion") at Ex. 2 [ECF #13-2]: Second Certificate of Authenticity of Domestic Business Records Pursuant to Federal Rule of Evidence 902(11) ("2nd Certificate"), Ex. ABS-8 (true and correct copy of communication) [ECF No. 13-2 at pp. 1403-1407].

[7] *See* Exhibit 2 to Mem. of Law, entitled Annex B Supplement (Supplemental Chronological History of Mills Law Group-Iraq Communications Subsequent to 7 December 2021 Relevant to Mills Law Group Demands for Iraq Payment of Each *Wye Oak* Litigation Invoice Presented to Iraq and Iraq Communications with respect to: (1) All Presented Invoices and Payment Demands, and (2) Iraq Failure to Object to Presented Invoices) (hereinafter "Annex B

Once the Iraq National Budget Law had been signed into law by the President of Iraq, and MoJ had received the funds allocated to it by the law (in an amount more than sufficient for MoJ to pay all Wye Oak Invoices), MLG demanded payment in full of all Wye Oak Litigation Invoices, accrued pre-judgment interest and incurred collection costs (the "26 June 2023 Demand",[8] and the "2 September 2023 MLG Demand"[9]).

Notwithstanding Iraq's admission of liability to pay all Wye Oak Litigation Invoices, MoJ then disingenuously responded on 25 September 2023 that:

> A high- level committee has been formed for that, this committee recommended to approach your good self regarding reducing the amount in order to pay your dues in the light of the difficult economic position and lack of necessary funds in Iraq.[10]

On 1 October 2023, in email correspondence sent directly to HE the Minister of Justice and the new MoJ Legal Department DG, MLG: (1) rebutted Iraq-MoJ's baseless ruse that Iraq is in "a difficult economic position" and that there is a "lack of necessary funds in Iraq"; and (2) demanded of HE the Minister of Justice and the new MoJ Legal Department DG "an immediate good faith partial payment in the amount of US$2,661,643.40 by not later than 3 p.m. (Baghdad time), Monday, 9 October 2023 (approximately one-half of the 2 September 2023 Demand).[11] In

---

Supplement") at entry for Exhibit ABS-5 [ECF No. 12-3 at pp. 22-23], Second Certificate [ECF No. 13-2 at pp. 1380-82].

[8] Statement of Undisputed Facts ¶ I-6(B)(5) [ECF No. 12-7 at p. 50], evidenced by 2nd Certificate Ex. ABS-9 [ECF No. 13-2 at 1408-1430].
[9] Statement of Undisputed Facts ¶ I-6(B)(6) [ECF No. 12-7 at p. 50], evidenced by 2nd Certificate Ex. ABS-11 [ECF No. 13-2 at 1433-1457].
[10] Statement of Undisputed Facts ¶ I-7(A)(4) [ECF No. 12-7 at p. 52], evidenced by 2nd Certificate Ex. ABS-12 [ECF No. 13-2 at 1458-1466].
[11] Statement of Undisputed Facts ¶ I-6(B)(7) [ECF No. 12-7 at p. 50], ¶ I-7(A)(5) [ECF No. 12-7 at p. 53], evidenced by 2nd Certificate Ex. ABS-14 [ECF No. 13-2 at 1467-1494].

such rebuttal, MLG noted to HE the Minister of Justice and the new MoJ Legal Department DG to the incontrovertible facts, as follows:

> **3.** **The Iraq-MoJ Reference C communication puts forward the proposition that Iraq-MoJ want MLG to "reducing the amount [of MLG's demand that Iraq-MoJ pay the Iraq Debt in full]" for two reasons: (a) "in the light of the difficult economic position [of Iraq-MoJ]"; and (b) "lack of necessary funds in Iraq."**
>
> There are two additional reasons why this is non-credible – legally and commercially:
>
>> 1. Under no applicable legal doctrine whatsoever is Iraq-MoJ excused from paying *now* the Debt to MLG because of "the difficult economic position of Iraq" or "the lack of necessary funds in Iraq."
>>
>> Iraq-MoJ has not paid even one of the Delinquent Invoices. The Delinquent Invoices date back *more than four years*. Thus, Iraq-MoJ has been in material breach of its contractual payment obligations to MLG *for more than four years*.
>>
>> During those four years, Iraq-MoJ has *not* been continuously in a "difficult economic position" and lacked the "necessary funds" to cure the Iraq-MoJ egregious default of failing to pay the Iraqi Debt to MLG.
>>
>> 2. It is *incredible* for Iraq-MoJ to claim that Iraq has a "lack of funds" or a "difficult economic position."
>>
>> The authoritative reports of the Word Bank on the Government of Iraq's total current reserves (through the end of 2022) and the current Iraq Budget Bill passed by the Iraqi Parliament and signed by the President of Iraq (that is now the law of the Republic of Iraq) prove otherwise.
>>
>> According to the World Bank, as of December 2022, Iraq has total foreign reserves of US$97,009,236,970.00 (ninety-seven billion, nine million, two hundred thirty-six thousand nine-hundred seventy U.S. dollars). *See* World Bank Report: Total reserves (includes gold, current US$) – Iraq, available at

https://data.worldbank.org/indicator/FI.RES.TOTL.CD?locations=IQ [12]

Furthermore, when these baseless statements were made, both HE the Minister of Justice and the MoJ Legal Department DG knew that on 11 June 2023, the Iraqi Parliament had passed a record national Budget Law providing expenditures of $153 billion in 2023, based on an oil price for Iraqi crude oil sales of $70 per barrel,[13] that the President of Iraq signed this enactment into law on Wednesday, 21 June 2023,[14] and that, according to the Iraqi Oil Ministry, Iraq's oil export revenues hit $9 billion in August 2023 on sales of 106.12 million barrels, with the average crude price jumped by more than $6.50 per barrel to $84.78 in August 2023 compared to prices in July 2023.[15] Of course, the $5,528,944.33 owed by Iraq-MLG as of 28 October 2023[16] represents a near-infinitesimally small percentage (less than 0.000613) of Iraq's $9 billion daily oil sales.

Iraq/MoJ has been silent since.

On 28 October 2023, MLG presented Iraq with MLG's invoices for $601,600.83 in MLG collections costs incurred through 5 p.m., 28 October 2023 (collection cost expenses in the

---

[12] *See* 2nd Certificate, Ex. ABS-13 at p. 3 [ECF No. 13-2 at p. 1470] (true and correct copy of 1 October 2023 MLG email to HE the Minister of Justice and MoJ Legal Department DG).

[13] *See* Reuters, "Iraq approves record $153 billion budget including big public hiring", June 11, 2023, available at https://www.reuters.com/world/middle-east/iraq-approves-record-2023-budget-153-bln-with-massive-public-hiring-2023-06-12/ .

[14] *See* Rudaw news service, "Iraq's president ratifies federal budget bill", June 21, 2023, available at https://www.rudaw.net/english/middleeast/iraq/210620231 .

[15] *See* OilPrice.com news service, "High Prices Pushed Iraq's Export Revenues to $9 Billion in August", September 27, 2023, available at https://oilprice.com/Latest-Energy-News/World-News/High-Prices-Pushed-Iraqs-Oil-Export-Revenues-To-9-Billion-In-August.html .

[16] *See* 2nd Certificate, Ex. A-3.6 sub exhibit 1 at 2 [ECF No. 13-2 at pp. 1531] (MLG email dated 28 October 2023 summarizing and demanding payment of all outstanding Iraq-MoJ indebtedness to MLG (Wye Oak Litigation Invoices debt, accrued prejudgment interest, MLG collection costs).

amount of $21.500.83, and collection costs legal fees in the amount of $580,100.06, plus an accounting of prejudgment interest accrued through 28 October 2023 ($852,172.75) and the sum of all delinquent Wye Oak Litigation Invoices ($4,075,170.65) (collectively totaling $5,528,944.33, as just noted), together with notification that MLG will ask the Court to enter judgment in this amount plus additional accrued pre-judgment interest and collection costs associated with Iraq-MoJ's continuation of this dispute, and that Iraq-MoJ may avert the judgment by immediately paying the $$5,528,944.33 in full.[17]

MLG awaits Iraq-MOJ's response (if any), and will notify the Court in the apparently unlikely event that Iraq-MoJ pays MLG any amount.

In continuing material breach of the Engagement Agreement, Iraq has not paid and continues not paying the legal fees and expenses for work performed by MLG representing Iraq in the Wye Oak Litigation in this Court and the U.S. Court of Appeals for the District of Columbia ("D.C. Circuit") (as invoiced by MLG to Iraq on the Wye Oak Incurred Litigation Cost Invoices and Wye Oak Legal Fees Invoices), as alleged in the Complaint, elaborated upon in the Motion Papers[18] and proven by the evidence referenced in the accompanying Plaintiff's Statement of Material Facts for Which There Is No Genuine Issue in Support of the Motion (hereinafter, "Statement of Undisputed Facts") [ECF No. 12-7] and presented to the Court in support of the Motion.[19]

As a consequence, MLG has suffered the following damages for which Defendants Iraq and MoJ are jointly and severally indebted and liable to MLG:

**Complaint (All Counts)**

---

[17] *Id.* (2nd Certificate, Ex. A-3.6 sub exhibit 1 at 1-3 [ECF No. 13-2 at pp. 1530-1532]).
[18] *See* Motion at 1-2.
[19] *Id.*

  (On Account Stated):  **$4,075,170.65;**[20]

  **Complaint Count II –**
  Material Breach of Engagement Agreement,
  in the alternative to Count I:  **$4,075,170.65;**[21]

  **Complaint Count III –**
  Material Breach of Implied Covenant of Good
  Faith and Fair Dealing, in the alternative to
  Counts I and II:  **$4,075,170.65;**[22]

  **Count IV –**
  Quantum Meruit, in the alternative to
  Counts I, II and III:  **$4,075,170.65;**[23]

  **Accrued Prejudgment Interest**
  pursuant to D.C. Code § 28-3302(a)
  through 30 September 2023:  **$833,462.31**

  **Plus $668.33 per day thereafter**[24]
  **28 days (from 1-28 October 2023):**  **$18,710.44**

  **Collection Costs pursuant to the Engagement Agreement:**  **$601,600.83;**[25]

  **Taxable Costs pursuant to 28 U.S.C. § 1920 and**
  **Fed. R. Civ. P. 54(d)**, in the alternative to same items
  Included as expenses in Collection Costs claim: **$15,347.13.**[26]

---

[20] *See* Statement of Undisputed Facts [ECF No. 12-7] at ¶¶ J-9, J-12, I-7 through I-10.
[21] *See* Statement of Undisputed Facts [ECF No. 12-7] at ¶¶ J-9, J-12, II-6 through II-8.
[22] *See* Statement of Undisputed Facts [ECF No. 12-7] at ¶¶ J-9, J-12, III-7 through III-16.
[23] *See* Statement of Undisputed Facts [ECF No. 12-7] at ¶¶ J-9, J-12, IV-2 through IV-4.
[24] Statement of Undisputed Facts [ECF No. 12-7] at ¶¶ V-7 (total accrued pre-judgment interest from Presentment Date through 30 September 2023), referencing Thorn Decl. (Ex. 5 to Mem. of Law) [ECF # 12-6] at ¶¶ 9 and 13(A), and Ex. 1 thereto (Calculation of Prejudgment Interest on Delinquent Invoices from Presentment Date through September 30, 2023); Statement of Undisputed Facts [ECF No. 12-7] at ¶ V-8 (daily rate of accrual of prejudgment interest), referencing Thorn Decl. at ¶¶ 9 and 13.B; Exhibit 1 to Thorn Declaration.
[25] Statement of Undisputed Facts [ECF No. 12-7] at ¶¶ VI-9 through VI-11 and submitted evidence referenced therein.
[26] Statement of Undisputed Facts [ECF No. 12-7] at ¶¶ VII-3 through VII-4 and submitted evidence referenced therein.

Statement of Undisputed Facts [ECF No. 12-7] at ¶¶ J-9 through J-12, I-11, II-8, III-16, IV-4, V-9, VI-10, and VII-3.

The Court has both personal and subject matter jurisdiction pursuant to the commercial activity exception of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(2). Statement of Undisputed Facts at ¶¶ J-1 through J-14.

MLG has presented clear and indisputable documentary and testimonial evidence to prove that Defendants Iraq and MoJ each is jointly and severally indebted and liable to Plaintiff MLG on each of Plaintiff's claims, and in the amounts stated in the Motion. Statement of Undisputed Facts at ¶¶ I-1 through VII-5.

Therefore, the Court should grant the Motion and enter judgment in favor of MLG in the amounts set forth above, plus:

1. Additional accrued prejudgment interest from 28 October 2023 through the date that the Court enters judgment;

2. Additional MLG Collection Costs that MLG incurs in further prosecuting this action and in collecting Defendants' indebtedness to MLG; and

3. Post-judgment interest on the judgment debt pursuant to 28 U.S.C. § 1961 and Fed. R. Civ. P. 37, calculated on the date of judgment and continuing on the judgment debt until Defendants fully satisfy the judgment debt (including all accrued post-judgment interests.

In light of the foregoing, the Court also should reserve jurisdiction over Defendants with respect to any claims that Plaintiff MLG possesses pursuant to the Engagement Agreement for such additional collection costs that Plaintiff MLG incurs in pursuing collection of Defendants'

debt to MLG, including but not limited to, enforcement of the default judgment entered by the Court.

### III. CONCLUSION

WHEREFORE, Plaintiff moves the Court to enter default judgment against Defendants.

A proposed order accompanies this Motion.[27]

Dated: October 30, 2023               Respectfully submitted,

                                        **MILLS LAW GROUP LLP**

By:  */s/ Timothy B. Mills*
Timothy B. Mills
D.C. Bar No. 425209
800 Connecticut Avenue N.W., Suite 300
Washington, DC  20006
Telephone: (202) 457-8090
Fax: (202) 478-5081
timothy.mills@mills-lawgrp.com
*Lead Counsel for Plaintiff Mills Law Group LLP*

---

[27] *See* [ECF No. 12-8].