UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MILLS LAW GROUP LLP, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 22-cv-3323 (RCL) |
| REPUBLIC OF IRAQ AND MINISTRY OF JUSTICE OF THE REPUBLIC OF IRAQ, | ) ) ) | |
| Defendants. | ) ) | |

### STATEMENT OF SUPPORTING EVIDENCE [ECF No. 12-4]

Plaintiff Mills Law Group LLP ("Plaintiff" or "MLG") provides this Statement of Supporting Evidence as a guide to assist the Court and other readers of the Plaintiff's Motion for Entry of Default Judgment [ECF No. 12] ("Motion") and the supporting papers submitted therewith [the "Motion Papers"] to refer to, retrieve and examine the evidence of record presented by MLG in support of the Motion (the "Evidence").

This Statement provides additional notice and guidance about: (1) where to find the Evidence relevant to all elements of Plaintiff's claims stated in the Complaint [ECF No. 5-2] upon which Plaintiff seeks default judgment; and (2) efficient means for the Court and all readers to access, retrieve and examine all items of the Evidence.

I.  **WHERE TO FIND THE EVIDENCE**

  A.  **Wye Oak Litigation Legal Services Contract between Plaintiff MLG and Defendants Iraq-MoJ**

As alleged in the Complaint [ECF No. 5-2] (hereinafter "Compl.") and referenced in the Motion Papers (particularly Plaintiff's Statement of Material Facts for Which There is No Genuine Issue (hereinafter "Statement of Undisputed Facts") [ECF No. 12-7] and the

Memorandum of Law [ECF No. 12-1], the legal services contract between Plaintiff MLG and Defendants Iraq-MoJ consists of the MLG-MoJ Wye Oak Litigation Engagement Agreement dated 15 March 2028, executed by the MoJ Legal Department Director General (DG) ("MLG-MoJ Wye Oak Litigation Engagement Agreement"), which incorporates by reference the preceding Standard Terms of the Maggs & McDermott LLC-MoJ Wye Oak Litigation Agreement dated 10 February 2010, also signed by the MoJ Legal Department DG ("Maggs & McDermott-MoJ Wye Oak Litigation Engagement Agreement")

    **Evidence found at:**

    1.    <u>MLG-MoJ Wye Oak Litigation Engagement Agreement</u>

        a.    Complaint Exhibit 1.1 [ECF No. 5-2 at pp. 167-171]; and

        b.    First Certificate of Authenticity of Domestic Business Records Pursuant to Federal Rule of Evidence 902(11) ("1st Certificate"), Exhibit 18.A [ECF No. 13-1 at pp. 25-39].

    2.    <u>Maggs & McDermott-MoJ Wye Oak Litigation Engagement Agreement</u>

        a.    Complaint Exhibit 1.2 [ECF No. 5-2 at pp. 173-181]; and

        b.    First Certificate of Authenticity of Domestic Business Records Pursuant to Federal Rule of Evidence 902(11) ("1st Certificate"), Exhibit 18.B [ECF No. 13-1 at pp. 40-45].

**B.**    **<u>MLG Performance of the Contracted Wye Oak Litigation Legal Services and Incurrence of As-Yet Unreimbursed Wye Oak Litigation Expenses</u>**

As alleged in all Counts of the Complaint (but in particular at Compl. ¶¶ 1.A and 41 [ECF No. 5-2 at pp. 1-2 and 18], and referenced in the Motion Papers (see e.g., Statement of Undisputed Facts at ¶ J-10 [ECF No. 12-7 at pp. 28-29]), during the entire period of MLG's engagement as lead counsel for Defendants Iraq and Iraq Ministry of Defense in the Wye Oak

Litigation (19 February 2018 and 5 October 2022), Plaintiff MLG performed its contractual obligations in full and in a manner conforming to the requirements of the Engagement Agreement.

The evidence of MLG's provision of the contracted Wye Oak Litigation Legal Services to Iraq-MoJ consists of:

1. Annex A to the Complaint [ECF No. 5-2 at pp. 26-49], as elaborated upon by Annex A to the Mem. of Law in support of this Motion [ECF No. 12-2] and the presented evidence referenced therein (noting that Annex A to the Mem. of Law constitutes Plaintiff MLG's final authoritative statement of the MLG Wye Oak Invoices presented to MLG, the unpaid amounts due and delinquent for each such invoice, and the total amount of all unpaid, delinquent MLG Wye Oak Invoices (the "Iraq-MoJ Delinquent Invoice Indebtedness to MLG");

2. Each presented MLG Wye Oak Litigation Invoice, in particular the billing and expense detail set forth as part of each MLG Wye Oak Litigation Invoice (*see* each exhibit to 1st Certificate [ECF No. 13-1];

3. The docket in civil action *Wye Oak Technology, Inc. v. Republic of Iraq et al*. (Civil Action No. 10-cv-01182-RCL);

4. The Evidence cited in the Statement of Undisputed Facts with respect to the Wye Oak Litigation Invoices [ECF No. 12-7 at pp. 3-7]; and

5. The attestations of the sworn declaration of Timothy Mills (hereinafter "Mills Decl.") at ¶¶ 4, 10 and 11 [ECF No. 12-5 at pp. 2, 4.] (attesting to the truth and correctness of each the factual statements in Annex A to the Complaint, Annex A to the Mem. of Law, and each MLG Wye Oak Litigation Invoice).

**Evidence found at:**

1. <u>Annex A to Complaint [ECF No. 5-2 at pp. 26-49] and Annex A to Mem. of Law [ECF No. 12-2]</u>

    a. Evidence cited therein.

2. <u>True and Correct Copies of Each Wye Oak Litigation Invoice</u>

    a. 1st Certificate, Exhibits 18.A through 18.AH [ECF No. 13-1 at pp. 25-967] as further attested to by Mills Decl. ¶ 11 [ECF No. 12-5 at 2, 4-5].

3. <u>Docket in Civil Action *Wye Oak Technology, Inc. v. Republic of Iraq et al.* (Civil Action No. 10-cv-01182-RCL</u>

    a. Request for judicial notice thereof.

4. <u>Evidence cited in the Statement of Undisputed Facts with Respect to the Wye Oak Litigation Invoices</u>

    a. Same as Item I.B.2.a., immediately above (1st Certificate, Exhibits 18.A through 18.AH [ECF No. 13-1 at pp. 25-967] as further attested to by Mills Decl. ¶ 11 [ECF No. 12-5 at 2, 4-5].

5. <u>Mills Declaration</u>

    a. As cited immediately above.

**C.** **Plaintiff MLG's Presentment of Each Wye Oak Litigation Invoice to MoJ**

Plaintiff MLG's presentment of each Wye Oak Litigation Invoice is legally relevant to:

1. The running of the 60-day period provided by the MLG-MoJ Wye Oak Litigation Engagement Letter by which MoJ is contractually required to either pay in full each Wye Oak Litigation Invoice or seasonably legally object with particularity to one or more charges on the invoice (MoJ did not make even one such objection, whether timely or not); and

2. The date that Iraq-MoJ materially breached the contractual payment obligation for each such invoice (the 61st day after the Presentment Date); and the date that pre-judgment interest begins to run on each such invoice.

The Presentment Date for each such invoice is the date of the MLG transmittal email by which MLG presented such invoice to MoJ. The evidence of the Presentment Date is the transmittal email (date sent). *See* 1st Certificate, Exhibits 18.A through 18.AH [ECF No. 13-1 at pp. 25-967] as further attested to by Mills Decl. ¶¶ 4, 11 [ECF No. 12-5 at 2, 4-5].

Annex A to the Complaint, as elaborated upon by Annex A to the Mem. of Law, sets forth the Present Date in the second column of the row for each invoice. *See* Annex A to Complaint [ECF No. 5-2 at pp. 26-49] at Column 2, as elaborated upon by Annex A to Mem. of Law [ECF No. 12-2] at Column 2.

**Evidence found at:**

1. <u>1st Certificate, Exhibits 18.A through 18.AH [ECF No. 13-1 at pp. 25-967]</u>

    a. MLG Wye Oak Invoices.

2. <u>Annex A to Compl.; Annex A to Mem. of Law</u>

    a. Annex A to the Compl. [ECF No. 5-2 at pp. 26-49] at Col. 2;

    b. Annex A to Mem. of Law [ECF No. 12-2] at Col. 2;

3. <u>Mills Declaration</u>

    a. Attestations of Mills Declaration at ¶¶ 4, 10 [ECF No. 12-5 at 2, 4-5].

**D.** **<u>Defendants' Iraq and MoJ Breach of Obligations to Plaintiff MLG to Timely Pay Each Wye Oak Litigation Invoice within 60 Days of Presentment (Complaint Counts One and Two)</u>**

Defendants Iraq and MoJ's material breach of the contractual payment obligations to MLG is evidenced by the failure of Iraq or MoJ to remit any payment of any MLG Wye Oak Invoices.

The entirety of the payments remitted by Iraq-MoJ in fulfillment of any Wye Oak payment obligation consist of: (a) the $100,000 initial retainer payment (which was not replenished), which was credited against the first MLG Wye Oak Legal Fees Invoices (*see* MLG Credit Note 19-1220-001, 2nd Certificate, Ex. A-3.6 [ECF No. 13-2 at p. 1524]); and (b) the $150,000 initial expenses advance payment, which was credited against the first MLG Wye Oak Incurred Litigation Cost Invoice (1st Certificate, Wye Oak Incurred Litigation Cost Invoice #19-1009-01C at pp. 1-2 [ECF No. 13-1 at pp. 67-68].

Iraq-MoJ made no other payments.

Iraq-MoJ's non-payment of any Wye Oak Litigation Invoice is evidenced by:

1. The allegations of Counts I through IV of the Complaint [ECF No. 5-2], attested to by Mills Declaration ¶¶ 4, 10 [ECF No. 12-5 at 2, 4-5];

2. Annex A to the Complaint [ECF No. 5-2 at pp. 26-49] at Cols. 2 and 3, as elaborated by Annex A to Mem. of Law [ECF No. 12-2] at Cols. 2 and 3, each attested to by Mills Declaration ¶¶ 4, 10 [ECF No. 12-5 at 2, 4-5];

3. MLG demands for payment that MoJ did not respond to, summarized in Annex A to the Complaint [ECF No. 5-2 at pp. 26-49] at Cols. 4 and 5, as elaborated by Annex A to Mem. of Law [ECF No. 12-2] at Cols. 4 and 5, each attested to by Mills Declaration ¶¶ 4, 10 [ECF No. 12-5 at 2, 4-5], Annex B to the Complaint [ECF No. 5-2 at pp. 50-165] attested to by Mills Declaration ¶¶ 4, 10 [ECF No.

12-5 at 2, 4-5]; Annex B Supplement to the Mem. of Law [ECF No. 12-3], each attested to by Mills Declaration ¶¶ 4, 10 [ECF No. 12-5 at 2, 4-5];

4. Such demands and other communications between MLG and Iraq-MoJ referenced in the Statement of Undisputed Facts, *inter alia* ¶¶ J-12, I-5, and I-7 [ECF No. 12-7 at pp. 30, 33, 38] (true and correct copies of which MLG has presented as evidence in this action. *See* Second Certificate of Authenticity of Domestic Business Records Pursuant to Federal Rule of Evidence 902(11) ("2nd Certificate"), all exhibits [ECF No. 13-2], attested to by Mills Declaration ¶¶ 4, 10 [ECF No. 12-5 at 2, 4-5]; and

5. Iraq-MoJ's admission to MLG, by email from the MoJ Legal Department DG to MLG dated 18 June 2023, that: "We would like to clarify that, we intend to pay your fees and start a new page to your good self.", an extract of which appears at Annex B Supplement to Mem. of Law [ECF No. 12-3 at pp. 31-32], and a true and correct original of which is found at 2nd Certificate, Ex. ABS-8 [ECF No. 13-2 at pp. 1403-1407], attested to by Mills Declaration ¶¶ 4, 12 [ECF No. 12-5 at 2, 4-5].

**Evidence found at:**

1. <u>Complaint</u>

    a. Attested Factual Allegations of Complaint Counts One, Two and Three [ECF 5-2 at pp. 16-23].

2. <u>Annex A to Complaint</u>

    a. Attested Factual Allegations of Annex A to Complaint [ECF No. 5-2 at pp. 26-49] at Cols. 2 through 5.

3. <u>Annex A to Memorandum of Law</u>

   a. Attested Factual Statements of Annex A to Mem. of Law [ECF No. 12-2] at Cols. 2 through 5.

4. <u>Statement of Undisputed Facts</u>

   a. Attested Factual Statements of Statement of Undisputed Facts at *inter alia* ¶¶ J-12, I-5, and I-7 [ECF No. 12-7 at pp. 30, 33, 38].

5. <u>Attested Factual Statements of Annex B Supplement to Mem. of Law</u>

   a. Annex B Supplement to Mem. of Law [ECF No. 13-3 at pp. 31-32].

6. <u>2nd Certificate</u>

   a. 2nd Certificate, all exhibits [ECF No. 13-2], attested by Mills Declaration.

7. <u>Mills Declaration</u>

   a. Mills Declaration ¶¶ 4, 10, 11 and 12 [ECF No. 12-5 at pp. 2, 4-5].

**E.   Defendants' Iraq and MoJ Breach of Implied Contractual Obligations of Good Faith and Fair Dealing (Complaint Count Three)**

Defendants Iraq and MoJ's breach of implied contractual obligations of good faith and fair dealing, as alleged in Complaint Count III, are evidenced by the following:

1. Iraq-MoJ's failure to take all reasonable steps to process, approve and pay each MLG Wye Oak Litigation Invoice within the contractual payment period of not more than 60 days from the invoice Presentment Date set by the MLG-MoJ Wye Oak Engagement Agreement;

2. Iraq-MoJ's failure to replenish the $100,000 retainer in accordance with the terms of the MLG-MoJ Wye Oak Litigation Engagement Agreement; and

3. Iraq-MoJ's failure to provide sufficient funds in advance for MLG to pay all Wye Oak Litigation Expenses out of funds provided by Iraq-MoJ in accordance with the terms of the MLG-MoJ Wye Oa Litigation Engagement Agreement.

**Evidence found at:**

1. Complaint

    a. Factual allegations of Complaint Count Three [ECF No. 5-2 at pp. 19-23 attested to by Mills Declaration.

2. Statement of Undisputed Facts

    a. Factual statements of Statement of Undisputed Facts at ¶¶ III-1 through III-16 attested to by Mills Declaration; evidence referenced therein.

3. Mills Declaration

    Mills Declaration ¶¶ 4, 10-12 [ECF No. 12-5 at pp. 2, 4-5].

**F.    Plaintiff MLG's *Quantum Meruit* Claims (Complaint Count Four)**

Plaintiff MLG's Quantum Meruit Claims (Complaint Count Four) are in the alternative, and are only subject to the Court entering *quantum meruit* judgment in favor of Plaintiff MLG is the Court finds that judgment shall *not* be entered in favor of Plaintiff on either Counts One, Two or Three. Accordingly, in lieu of detailed discussion here of the *quantum meruit* claims elements, Plaintiff MLG refers the Court to the following discussion and evidence.

**Evidence found at:**

1. Complaint

    a. Factual allegations of Complaint Count Four [ECF No. 5-2 at pp. 23-24] attested to by Mills Declaration.

2. Statement of Undisputed Facts

    a. Factual statements of Statement of Undisputed Facts at ¶¶ IV-1 through IV-4 attested to by Mills Declaration; evidence referenced therein.

3. Mills Declaration

      a.      Mills Declaration ¶¶ 4 and 10 [ECF No. 12-5 at pp. 2, 4-5].

**G.    <u>Plaintiff MLG's Claim for Accrued Prejudgment Interest on Defendants Wye Oak Invoice Debt to MLG</u>**

Plaintiff establishes its claim for prejudgment interest by proving:

1.    The period of Defendants Iraq and MoJ's delinquency in paying each Wye Oak Litigation Invoice – that is, the period beginning on the 61st calendar day following the Presentment Date of each such invoice and continuing until such invoice is satisfied by payment (noting here that Iraq-MoJ has not made any payment against any Wye Oak Litigation Invoice); and

2.    Applying the District of Columbia statutory rate of interest of six percent (6%) per annum, provided by D.C. Code § 28–3302(a), to the contract debt owed by Iraq-MoJ to MLG for each Wye Oak Litigation Invoice.

These elements are proven by the following.

    **Evidence found at:**

    1.    <u>Section II.D, above</u>

        a.    Evidence cited in Section II.D, *infra*, with respect to the Presentment Date, the Delinquency Date (as defined in Statement of Undisputed Fact at iv (Glossary entry for "Delinquency Date") and Iraq-MoJ's non-payment (in any amount) of any Wye Oak Litigation Invoice.

    2.    <u>Complaint</u>

        a.    Complaint ¶¶ 3, 26, Prayer for Relief at ¶ D [ECF No. 5-2 at pp. 4, 16 and 25] attested to by Mills Declaration ¶ 4.

    3.    <u>Statement of Undisputed Facts</u>

      a.      Factual statements of Statement of Undisputed Facts at ¶¶ V-1 through V-9 attested to by Mills Declaration; evidence referenced therein.

4.    <u>Thorn Declaration</u>

      a.      Thorn Decl. [ECF # 12-6] at ¶¶ 9 and 13(A), and Ex. 1 thereto (Calculation of Prejudgment Interest on Delinquent Invoices from Presentment Date through September 30, 2023) attesting to calculation of accrued pre-judgment interest in the amount of $833,462.31 on Iraq's Debt to MLG; *id.* at ¶ 10 (determination of daily rate of accrued prejudgment interest of $668.33 per day).

5.    <u>Mills Declaration</u>

      a.      Mills Declaration ¶¶ 4 and 10 [ECF No. 12-5 at pp. 2, 4-5].

**H.    <u>Plaintiff's Collections Costs Claim</u>**

Plaintiff MLG's collection costs case is proven if Plaintiff MLG evidences:

1.    Contractual entitlement to a judgment that Defendants Iraq-MoJ are liable to pay MLG for costs MLG may incur in collecting unpaid MLG Wye Oak Litigation Invoices (the "debt"); and

2.    MLG incurred costs in collecting the debt.

These elements are proven by the following.

**Evidence found at:**

1.    <u>MLG-MoJ Wye Oak Litigation Engagement Agreement</u>

      a.      Complaint Exhibit 1.1 [ECF No. 5-2 at p. 170], 2nd Certificate Ex. A-3.1, [ECF No.13-2 at p. 1505] ("The Firm [Mills Law Group] and the Ministry

[of Justice] agree that the Standard Terms of the prior engagement agreement between the Ministry and Maggs & McDermott LLC for this action shall also apply to this engagement agreement and are incorporated by reference").

2. <u>Maggs & McDermott-MoJ Wye Oak Litigation Engagement Agreement</u>

   a. Complaint Exhibit 1.2 [ECF No. 5-2 at p. 180]; *also at* Second Certificate, Ex. A-3.2 [ECF No. 13-2 at p. 1516] (upon prompt MLG notification to MoJ of delinquency and MoJ failure to cure the delinquency, then "[i]f collection activities are necessary, you agree to pay us any costs we may incur in collecting the debt, including court costs, filing fees and a reasonable attorney's fee").

3. <u>Statement of Undisputed Facts</u>

   a. Facts stated in Statement of Undisputed Facts at ¶¶ VI-1 through VI-9 [ECF No. 12-7 at pp. 62-67] attested to by Mills Declaration ¶¶ 4, 10; evidence referenced therein.

4. <u>Complaint Annex B and Annex B Supplement to Mem. of Law</u>

   a. Complaint Annex B, [ECF No. 5-2 at pp. 51-165] (facts stating MLG collection communications and activities, attested by Mills Declaration at ¶ 4); and

   b. Annex B Supplement to Mem. of Law [ECF No. 12-3, all pages] (facts stated MLG collection communications and activities, attested by Mills Declaration at ¶ 4).

5.     <u>Mills Law Group Collection Costs Invoices</u>

    a.     MLG Collection Cost Expenses Invoice No. 23-1028-001, 2nd Certification Ex. A-3.6, sub exhibit 2.a.1 [ECF No. 13-2 at pp. 1533-1594] attested by Mills Declaration ¶ 12 [ECF No. 12-7 at 5]; and

    b.     MLG Collection Cost Legal Fees Invoice No. 23-1028-002, 2nd Certification Ex. A-3.6, sub exhibit 2.a.2 [ECF No. 13-2 at pp. 1595-1732] attested by Mills Declaration ¶ 12 [ECF No. 12-7 at 5].

5.     <u>Mills Declaration</u>

    a.     Mills Declaration at ¶¶ 4, 10 and 12.

**I.     <u>Taxation of Costs Against Defendants</u>**

Pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), specified costs may be taxed against Defendants upon the Court entering judgment in favor of Plaintiff MLG, upon Plaintiff MLG providing the Court with proof of the incurrence of specified taxable costs.

Plaintiff MLG has incurred taxable costs in the total amount of $15,347.13, consisting of:

| | | |
|---|---|---|
| A. | Filing fees (28 U.S.C. § 1920(1): | $402.00; |
| B. | Expenditures for service of process pursuant to FSIA service provisions (28 U.S.C. § 1608(e)): | $14,945.13 |

**Evidence found at:**

1.     <u>MLG Collection Cost Expense Invoice No. 23-1028-001</u>

    a.     2nd Certificate, Exhibit A-3.6 [ECF No. 13-2 at pp. 1529-1594], Expense Detail at:

    --Line Item 15 (Filing Fee);

>> --Line Items 11-14 and 16-18 (incurred costs for translation of Service Documents)
>
> --Line Items 19-21 (Service Documents reproduction costs);
>
> --Line Items 22-23 (senior legal assistant attendance at Court Clerk's office); and
>
> --Line Item 24 (FedEx international fees – delivery of Service Documents to Iraq Minister of Foreign Affairs).

2. Mills Declaration

   a. Mills Declaration ¶¶ 4 and 12 [ECF No. 12-5 at pp. 2 and 5].

## II. SUGGESTED EFFICIENT MEANS FOR ACCESSING, RETRIEVING AND REVIEWING THE EVIDENCE

### A. Example No. 1: Accessing, Retrieving, Reviewing Evidence of MLG Wye Oak Litigation Invoices

The authoritative summary and reference to all delinquent MLG Wye Oak Litigation Invoices is Annex A to Mem. of Law [ECF No. 12-2], which incorporates and elaborates on all information and statements of Annex A to the Complaint [ECF No. 5-2 at pp. 26-49].

The second authoritative summary and reference to all delinquent MLG Wye Oak Litigation Invoices is the Statement of Undisputed Facts [ECF No. 12-7].

True and correct copies of all MLG Wye Oak Litigation Invoices are published as Exhibits 18.A to 18.AH to the 1st Certificate [ECF No. 13-1 at pp. 25-967].

If the Court or a reader wished to find a some or all critical information concerning one or all MLG Wye Oak Litigation Invoices (including invoice date and number, invoice amount, Presentment Date and Delinquency Dates), then the Court or reader would open either Annex A

14

to Mem. of Law [ECF No. 12-2] or the Statement of Undisputed Facts [ECF No. 12-7] and then find the invoice information either:

1. By visual examination of the rows of Annex A to Mem. of Law or the text of the Statement of Undisputed Facts; or

2. If the Court or reader already knows the invoice number (*i.e.*, by first reading the invoice number in the Mem. of Law), then using the <Ctrl> F [Find] function within the open pdf document, entering the invoice number as a search term, and permit the Find function to take you to exact reference in Annex A to Mem. or Law or the Statement of Undisputed Facts.

If the Court or a reader decides to access a true and correct copy of an invoice, the Court or reader can do so by:

1. Opening the 1st Certificate file [ECF No. 13-1];

2. Using the <Ctrl> F [Find] function and inserting the invoice number to search for the listing of the invoice in the 2nd Certificate Table of Contents;

3. From the Table of Contents entry, determining the first page number for the invoice; and

4. Entering the page number in the pdf "go to page" box, and pressing the <ENTER> keyboard key.

   The pertinent page of the invoice (or exhibit cover sheet, as the case may be) will appear on the screen. (If the exhibit cover sheet appears, the first page of the invoice will be on the next page of the pdf file.)

A. **Example No. 2: Accessing, Retrieving, Reviewing Evidence of Communications between MLG and Iraq/MoJ with Respect to Notification of Iraq-MoJ's Material Breach of Contract, Demand for Payment and**

### **MLG's Activities to Collect the Iraq-MoJ Indebtedness to MLG and Iraq-MoJ's Failure to Object or Respond**

The Motion Papers include authoritative summaries and references to all communications between MLG and Iraq-MoJ with respect to Iraq-MoJ's initial and continuing delinquencies in Iraq-MoJ not making any payment of any MLG Wye Oak Litigation Invoices:

First, Complaint Annex B [ECF No. 5-2 at pp. 51-165] for all such communications during the period beginning 12 October 2019 and ending on 25 July 2022 (prior to MLG filing the Complaint); and

Second, Annex B Supplement to Mem. Law [ECF No. 12-3] for all such communications beginning on 15 November 2023 (after MLG filing the Complaint) through 28 October 2023.

A summary of those communications is presented in the Statement of Undisputed Facts at PP I-6(A) and I-6(B) [ECF No. 12-7 at pp. 34-37].

True and correct copies of all such communications are published as 2nd Certificate, Exhibits AB-21.F through AB 21.AP [ECF No. 13-2 at pp. 44-472], Exhibits ABS-1 through ABS-13 [ECF No. 13-2 at pp. 500-1494] and Exhibit A-3.6 (demand email from MLG to Minister of Justice and MoJ dated 28 October 2023) [ECF No. 13-2 at pp. 1530-1532.

Such communications can be accessed either by:

1. Referring to the entry for such communication either in Annex B to the Complaint, or Annex B Supplement to the Mem. of Law, and following the pinpoint citation to the relevant pages of the 2nd Certificate [ECF No. 13-2] at which the true and correct copy of the document is located; and

2. Opening the 2nd Certificate [ECF No. 13-2] and using the pdf "go to page" box pressing the <ENTER> keyboard key.

The pertinent page of the invoice (or exhibit cover sheet, as the case may be) will appear on the screen. (If the exhibit cover sheet appears, the first page of the invoice will be on the next page of the pdf file.)

Date:   October 30, 2023                             Respectfully submitted,

**MILLS LAW GROUP LLP**

By:      /s/ Timothy B. Mills
Timothy B. Mills
D.C. Bar No. 425209
800 Connecticut Avenue N.W., Suite 300
Washington, DC  20006
Telephone: (202) 457-8090
Fax: (202) 478-5081
timothy.mills@mills-lawgrp.com
***Lead Counsel for Plaintiff Mills Law Group LLP***