UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MILLS LAW GROUP LLP, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 1:22-cv-03323-RCL |
| REPUBLIC OF IRAQ, et al., | ) ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF TIMOTHY B. MILLS
IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

I, Timothy B. Mills, for my declaration pursuant to 28 U.S.C. 1746, state as follows:

1. I am the Managing Partner of the law firm Mills Law Group LLP ("MLG" or the "Firm"). I make this declaration in support of Plaintiff's Motion for Entry of Default Judgment [ECF No. 12 *et al.*]. Except as otherwise stated, I have personal knowledge of the matters set forth herein and can and will testify thereto if called upon to do so.

2. As a preliminary matter, for purposes of this declaration, I incorporate by reference as though fully set out herein, and utilize, the definitions set forth in the Glossary to the Plaintiff's Statement of Material Facts for Which There Is No Genuine Issue Submitted in Support of Plaintiff's Motion for Entry of Default Judgment[1] ("Glossary").[2]

3. At all times relevant to the matters set forth herein:

    A. I was lead counsel for the Republic of Iraq ("Iraq") and the Ministry of Defense of the Republic of Iraq ("MoD") in the Wye Oak Litigation; and

---

[1] Hereinafter "Statement of Undisputed Facts" (to filed as [ECF No. 12-7]).
[2] Statement of Undisputed Facts [ECF No. 12-7 at pp. 3-15].

1

    B.  I personally participated in, and therefore have personal knowledge, of each of the activities and communications mentioned in, and evidenced by, the following papers filed I am filing in this action[3] upon which Plaintiff's Motion for Entry of Default Judgment[4] relies (hereinafter the "Motion Papers").[5]

  4.  Each fact stated in the Motion Papers is true and correct.

  5.  Each business record listed in and annexed to the 1st Certificate and the 2nd Certificate is a true duplicate of the original record in the custody of the Firm.

---

[3] For the avoidance of doubt, the term "this action" refers to the civil action *Mills Law Group LLP v. Republic of Iraq et al.* (Civil Action No. 22-cv-03323-RCL) pending before this Court.

[4] [ECF No. 12].

[5] Complaint [ECF No. 5-1];
Memorandum of Law in Support of Motion [ECF No. 12-1];
Exhibit 1 to the Mem. of Law, entitled "Annex A ((History of Mills Law Group Presentment of Wye Oak Litigation Invoices to Defendants Iraq and Ministry of Justice, Each Defendant's Non-Objection and Non-Payment of Presented Invoices; Supporting Evidence), hereinafter "Annex A to Mem. of Law") [ECF No. 12-2];
Exhibit 2 to Mem. of Law, entitled Annex B Supplement (Supplemental Chronological History of Mills Law Group-Iraq Communications Subsequent to 7 December 2021 Relevant to Mills Law Group Demands for Iraq Payment of Each *Wye Oak* Litigation Invoice Presented to Iraq and Iraq Communications with respect to: (1) All Presented Invoices and Payment Demands, and (2) Iraq Failure to Object to Presented Invoices) [ECF No. 12-3];
Exhibit 3 to Mem. of Law, entitled Statement of Supporting Evidence ECF No. 12-4];
Exhibit 4 to Mem. of Law, this declaration [ECF No. 12-5];
Exhibit 5 to Mem. of Law, Declaration of Karl Thorn (hereinafter, "Thorn Declaration) [ECF No. 12-6];
Exhibit 6 to Mem. of Law, Statement of Undisputed Facts [ECF No. 12-7];
Plaintiff's Motion for Leave to File Under Seal (hereinafter, "Sealing Motion") [ECF No. 13];
Exhibit 1 to Sealing Motion, First Certificate of Authenticity of Domestic Business Records Pursuant to Federal Rule of Evidence 902(11) and exhibited business records appended thereto (hereinafter, "1st Certificate") [ECF No. 13-1]; and
Exhibit 2 to Sealing Motion, Second Certificate of Authenticity of Domestic Business Records Pursuant to Federal Rule of Evidence 902(11) and exhibited business records appended thereto (hereinafter, "2nd Certificate") [ECF No. 13-2].

6.   For the avoidance of doubt, I further attest as follows to the truth and correctness of the facts stated in the following particular paragraphs/provisions of the particular Motion Papers stated in ¶¶ 7 through 12, *infra*.

7.   **Complaint** [ECF No. 5-1]:

A.   ¶ 18.T and Complaint Annex A at ¶ 18.T, as amended by Annex A to the Mem. of Law at ¶ 18.T [ECF No. 12-2 at p. 34] with respect to application of the $100,000 MoJ retainer payment to MLG Wye Oak Legal Fees Invoice No. 19-1220-001;

B.   Complaint Annex A at ¶ 18.AA (Total Iraq Delinquency in Payment of MLG F-1 Incurred Fees Invoices) as amended by Annex A to the Mem. of Law at Annex A to the Mem. of Law at ¶ 18.AA [ECF No. 12-2 at p. 57] amending the total amount of the MLG F-1 Incurred Fees Invoices to reflect: (1) application of the $100,000 MoJ Retainer to MLG Wye Oak Legal Fees Invoice No. 19-1220-001; and (2) presented MLG Wye Oak Legal Fees Invoice No. 19-1220-001 ($49,675.00) not mentioned in Complaint Annex A (hereinafter, the "Wye Oak Legal Fees Confirmatory Amendments");

C.   Complaint Annex A at ¶¶ 18.AK, 18.AN, 18.AP and 18.AQ (total MLG invoice amounts delinquent), as amended by Annex A to the Mem. of Law at Annex A to the Mem. of Law at ¶¶ 18.AK, 18.AN, 18.AP and 18.AQ [ECF No. 12-2 at p. 81] amending the total amounts to reflect the Wye Oak Legal Fees Confirmatory Amendments;

D.   Complaint ¶¶ 2(C)-(D), 18(A)(2), 42(A), 55, 59 and Prayer for Relief ¶ B-C (quantum of MLG breach of contract and *quantum meriut* damages from Iraq-MoJ's failure to pay Wye Oak Litigation Invoices, as amended by the Wye Oak Legal Fees Confirmatory Amendments; and

E.   Complaint ¶ 21.A and Complaint Annex B ¶ 21.M, as amended by

evidence presented in 2nd Certificate of MLG pre-litigation payment and breach of contract cure demands to Iraq-MoJ (18 evidenced (18) demands versus nineteen (19) demands stated in Complaint ¶ 21.A and Complaint Annex B).[6]

8. **Annex A to Mem. of Law** (Ex. 1 to Mem. of Law [ECF No. 12-2]):

   A. Those paragraphs of Annex A to Mem. of Law referenced in ¶ 6 of this declaration, *infra*.

9. **Annex B Supplement** (Ex. 2 to Mem. of Law [ECF No. 12-3]): The eight (8) additional demands to Iraq for payment in full of all Wye Oak Litigation Invoices, accrued pre-judgment interest and MLG collection costs.[7]

10. **Statement of Undisputed Facts** (Ex. 6 to Mem. of Law [ECF No. 12-7]): All statements of fact set forth in the following paragraphs of the Statement of Undisputed Facts: ¶¶ J-1; J-2; J-5; J-7; J-8; J-9; J-10; J-11; J-12; J-13; J-14; I-2; I-6; I-7; I-8; I-9; III-5(C); III-9; III-10(A)-(B); III-11; VI-8; VI-9(A) and (C); VI-10; VII-3; and VII-4.

11. **1st Certificate** (Ex. 1 to Sealing Motion [ECF No. 13-1]): All statements of fact that I stated in those written communications evidenced by the exhibits annexed to the 1st Certificate.

---

[6] *See* Statement of Undisputed Facts ¶ I-6(A) ([to be filed as ECF No. 12-7] at pp 46-48]; 2nd Certificate Exhibits AB-21.F; AB-21.G; AB-21.I; AB-21.J; AB-21.K; AB-21.L; AB-21.M; AB-21.N; AB-21.P; AB-21.Q; AB-21.Z; AB-21.AB; AB-21.AE; AB-21.AG; AB-21.AI; AB-21.AJ; AB-21.AN; AB-21.AP [ECF No. 13-2 at *inter alia* pp. 45-472].

[7] *See* Statement of Undisputed Facts ¶ I-6(B) ([to be filed as ECF No. 12-7] at pp 46-50]; Annex B Supplement at rows for ABS-1, ABS-3, ABS-6, ABS-7, ABS-9, ABS-11 ABS-13 [ECF No. 12-3 at pp. 1-68]; Ex. A-3.6 [ECF No. 12-3 at pp. 68-71); 2nd Certificate Exhibits ABS-1 [ECF No. 13-2 at pp. 500-946], ABS-3 [ECF No. 13-2 at pp. 1362-1370], ABS-6 [ECF No. 13-2 at pp. 1383-1385], ABS-7 [ECF No. 13-2 at pp. 1386-1402], ABS-9 [ECF No. 13-2 at pp. 1408-1430], ABS-11 [ECF No. 13-2 at pp. 1433-1457], ABS-13 [ECF No. 13-2 at pp. 1467-1494]; Ex. A-3.6 at 1-3 [ECF No. 13-2 at pp. 1530-1532].

12. **2nd Certificate** (Ex. 2 to Sealing Motion [ECF No. 13-2]): All statements of fact that I stated in those written communications evidenced by the exhibits annexed to the 2nd Certificate.

I declare under the penalty of perjury under the laws of the United States of America that the following is true and correct.

Executed on:   30 October 2023
Washington, D.C.

*/s/ Timothy B. Mills*